UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FLORIDA MEDICAL ASSOCIATION, INC., *et al.*,

Plaintiffs,

v. Case No. 3:78-cv-00178-UAMH-MCR

DEPARTMENT OF HEALTH, EDUCATION & WELFARE, *et al.*,

Defendants,

DOW JONES & COMPANY, INC.

Intervening Defendant.
_____________________________________/

**DOW JONES & COMPANY, INC.'S MOTION TO REOPEN CASE**

Pursuant to Local Rule 1.03, Dow Jones & Company, Inc. ("Dow Jones"), publisher of *The Wall Street Journal* (the "*Journal*"), respectfully moves this Court to reopen the above-captioned case and move it from "closed" to "active" status. Dow Jones filed a Motion to Intervene on January 25, 2011 (Dkt. 1),[1] and files this Motion to Reopen, based on the procedural roadmap set out by the Court of Appeals for the Eleventh Circuit with respect to parties wishing to challenge the permanent injunction issued by this Court in *Florida Medical Association v. HEW*, 479 F. Supp. 1291 (M.D. Fla. 1979). *See Alley v. HHS*, 590 F.3d 1195, 1204 (11th Cir. 2009).

[1] Dow Jones attached as Exhibit A to the Motion a proposed Answer, with Crossclaims and a Counterclaim seeking dissolution of the 1979 Injunction and other relief, as well as supporting Declarations as Exhibits B, C, and D.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

This Motion to Reopen responds to instruction from the clerk of court's office in the wake of Dow Jones' recent filing seeking to reanimate this long-closed case for purposes of having the Court revisit a permanent injunction. That injunction, entered over 30 years ago, still severely limits access to essential information about Medicare, one of the nation's most important – and expensive – federal programs. *Florida Med. Ass'n*, 479 F. Supp. at 1311 (the "1979 Injunction"). Specifically, in 1979, plaintiffs in this case, including Intervenor American Medical Association ("AMA"), successfully petitioned this Court to prohibit the government from disclosing the amount of taxpayer dollars individual doctors obtain in Medicare reimbursements.

The 1979 Injunction continues to compel the government (now via the Centers for Medicare & Medicaid Services ("CMS")[2]) to withhold from public scrutiny various databases widely deemed the best evidence of how Medicare dispenses funds comprising one-eighth of the federal budget. Over the last year, Dow Jones obtained access from CMS to a fraction of this data, subject to restrictions on disclosure that grew out of the 1979 Injunction. After extensive analysis, the *Journal* published its groundbreaking, front-page series, *Secrets of the System*, exposing Medicare reimbursements bearing strong indicia of fraud, and raising questions as to whether CMS adequately polices the system with the vast amount information available to it in the databases. Mot. to Intervene at 2-3, 7-16.

The *Journal* is engaged in further investigation and reporting on potential Medicare waste, abuse, and fraud, but the 1979 Injunction continues to significantly restrict its ability

---

[2] CMS is an agency of the Department of Health and Human Services ("HHS"), the renamed Department of Health, Education and Welfare ("HEW").

to gather information and report on what is has uncovered. *Id*. at 3-4, 16-18. In 2009, the Eleventh Circuit decided *Alley v. HHS*, which (among other things) articulated the procedural roadmap for those demanding greater access to Medicare data, and thus potentially needing to challenge the 1979 Injunction. In upholding denial of a FOIA request for records deemed covered by the injunction, *Alley* held that if anyone "believes the [ ] injunction is invalid, overly broad, or outdated, she can challenge it in the Middle District of Florida after joining all necessary parties. If dissatisfied with that court's ultimate decision, she can appeal it to this Court." 509 F.3d at 1210. *Alley* thus made clear that a "direct attack, instead of a collateral one, is the proper procedure," *id*. at 1204, and that this Court is the proper venue for seeking relief needed to acquire Medicare payment information covered by the 1979 Injunction. *See* Mot. to Intervene at 6, 18-19.

Dow Jones accordingly moved on January 25, 2011, to intervene in this case, served all the parties, and stated its intent to ask the Court to vacate the 1979 Injunction, an option expressly reserved by Dow Jones when it acquired access to some of the data. *See* Mot. to Intervene, *passim* & Exh. A. *See also supra* note 2. The Motion detailed how the 1979 Injunction impedes the *Journal* in its newsgathering and reporting, and the evidence of waste, fraud and abuse the *Journal* uncovered using the subset of data CMS provided subject to the restrictions it imposed. *Id*. at 5-18. The Motion demonstrated Dow Jones' interest in the 1979 Injunction, an interest which will be impaired if intervention is denied, and which no other party adequately represents; it also showed intervention is timely sought. *Id*. at 19-24.

Upon filing of the Motion to Intervene and associated papers, the docket for this case was placed on the Court's Electronic Case Filing ("ECF") system for the first time (as the

otherwise most recent prior action occurred in the 1980s). However, ECF continues to show the case as having "closed" status. Counsel for Dow Jones accordingly inquired of the clerk of court's office about the "closed" status, and was informed that a motion to reopen the case is necessary to move it to "active" status. Dow Jones accordingly hereby respectfully requests that the Court officially reopen the case to allow it to return to "active" status. Restoring the docket to active status will facilitate the orderly conduct of this now reinvigorated case.

## CONCLUSION

For the foregoing reasons, pursuant to Local Rule 1.03, Dow Jones respectfully requests that the Court grant its motion to reopen and restore this case to "active" status.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned counsel for Dow Jones pursuant to Local Rule 3.01(g), represents that counsel has attempted to confer with counsel for the Plaintiffs and Defendants in regard to the foregoing motion. Defendant HHS and Intervenor AMA do not oppose the motion to reopen. Counsel for Dow Jones has attempted to contact the general counsel for the Florida Medical Association ("FMA") but has yet to receive a response. Dow Jones will file a supplementary certification as parties are identified and make their positions clear.

Dated: February 4th, 2011

Respectfully submitted,

TANNER BISHOP

By: *s/ Michael G. Tanner*________________
Michael G. Tanner

Florida Bar Number 0261300
Helen A. Peacock
Florida Bar Number 0016196
One Independent Drive, Suite 1700
Jacksonville, Florida 32202
904-598-0034/904-598-0395 (Fax)
mtanner@tannerbishoplaw.com
hpeacock@tannerbishoplaw.com

DAVIS WRIGHT TREMAINE LLP

Laura R. Handman (*pro hac vice*)
Ronald G. London (*pro hac vice*)
John R. Eastburg (*pro hac vice*)
1919 Pennsylvania Avenue, NW, Suite 800
Washington, D.C. 20006-3401
202-973-4200
202-973-4499 (Fax)

*Attorneys for Dow Jones & Company, Inc.*

Of Counsel:

Mark H. Jackson, Esq.
Jason Conti, Esq.
Gail Gove, Esq.
Dow Jones & Company, Inc.
1211 Avenue of the Americas, 7th Floor
New York, NY 10036

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4th, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following:

Jeffrey M. Scott
Florida Medical Association Office of General Counsel
1430 Piedmont Drive East
Tallahassee, Florida 32308
850-224-6496
850-222-8030 (fax)

*Florida Medical Association*

Jack R. Bierig
Newton N. Minow
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
312.853.7000
312-853-7036 (fax)

*American Medical Association*

James Luh
U.S. Department of Justice
Federal Programs Branch, Civil Division
20 Massachusetts Avenue, NW
Room 7152
Washington, D.C. 20530
202-514-4938
202-616-8460 (fax)

*Department of Health and Human Services f/k/a Department of Health, Education and Welfare*

Roberto Rodriguez
Assistant United States Attorney
300 North Hogan Street
Suite 700
Jacksonville, FL 32202
904-301-6300
904-301-6310 (fax)

*Department of Health and Human Services f/k/a Department of Health, Education and Welfare*

*s/ Michael G. Tanner*________________
Attorney

00021166.doc