UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FLORIDA MEDICAL ASSOCIATION, INC., *et al.*,

    Plaintiffs,

v.                                                                                          Case No. 3:78-cv-178-J-34MCR

DEPARTMENT OF HEALTH, EDUCATION
& WELFARE, *et al.*,

    Defendants,

DOW JONES & COMPANY, INC.

    Intervening Defendant.

_____/

## **REPLY IN SUPPORT OF MOTION TO INTERVENE**

Dow Jones & Company, Inc. ("Dow Jones") respectfully replies to the Partial Opposition to Motion to Intervene ("Part. Opp'n") filed by Defendants Department of Health and Human Services and Kathleen Sebelius ("HHS"). While not opposing intervention for the purpose of dissolving the injunction, HHS asks the Court to deny intervention for the purpose of bringing cross-claims seeking related declaratory relief. Such a limitation requires prejudging complex substantive issues in this case, is procedurally improper, and is substantively unfounded. HHS's procedural thicket guarantees that multiple courts will expend substantial time considering the same interrelated issues – perhaps with inconsistent results. Dow Jones's Motion to Intervene should be granted in full.

No party disputes that Dow Jones may intervene as of right under Rule 24(a) to challenge the injunction issued by this Court in *FMA v. HEW*, 479 F. Supp. 1291 (M.D. Fla. 1979) (the "1979 Injunction"). Nor could they, as the Eleventh Circuit has made clear that

anyone seeking access to Medicare data covered by the injunction *must* do so before this Court. *Alley v. HHS*, 590 F.3d 1195, 1204 (11th Cir. 2009). Intervention of right is available upon timely motion to those with an interest relating to the subject of the case which may be impaired and may not be adequately represented by existing parties, *see*, *e.g.*, *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). No party disputes that Dow Jones has made this showing.

HHS, nonetheless, asks the Court to limit Dow Jones's assertion of cross-claims that relate directly to dissolution of the 1979 Injunction. But it is "very doubtful … a court has the right to make significant inroads on the standing of an intervenor of right; and *in particular, it should not be allowed to limit him in the assertion of counter-claims and other new claims.*" *United States v. Exxon Corp.*, 773 F.2d 1240, 1306 (Temp. Emer. Ct. App. 1985) (quoting 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1922 ("Wright & Miller"); citing *Moore's Federal Practice*) (emphasis added). Where limits have been imposed, they have been purely "reasonable conditions of a housekeeping nature." *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 974 F.2d 450, 469 (4th Cir. 1992); *see also Murphy v. Towmotor Corp.*, 642 F. Supp. 22, 24 (N.D. Ill. 1985).[1]

---

[1] The only two cases HHS cites to the contrary are inapposite. *Southern v. Plumb Tools*, 696 F.2d 1321, 1321-23 (11th Cir. 1983) (*per curiam*) (cited in Part. Opp'n at 11), was a diversity action that applied state law "requir[ing] conditions to be imposed on an intervening insurance company's participation at trial." *United States v. South Fla. Water Mgmt. Dist.*, 922 F.2d 704, 707 & n.4 (11th Cir. 1991), merely contemplates these kind of "housekeeping" limitations. *Id.* at 710 n.9 (*e.g.*, requiring intervenors to share a single set of documents, respond to interrogatories, or limit the number of counsel). Because the intervenor had an interest in only one of four counts, the intervention could be limited to that count or a separate trial could be ordered on the other counts. *Id.* at 711. Neither case suggested an intervenor of right can be prevented from bringing related cross and counter claims.

HHS argues that individual *claims* must be evaluated under Rule 24's standard for intervention, but this is not the test.  The same standards for counter-claims and cross-claims by original parties "apply with full force to an intervenor of right under Rule 24(a)."  Wright & Miller § 1921 (citing, *inter alia*, *Atlantis Dev. Corp. v. United States*, 379 F.2d 818 (5th Cir. 1967)).  "Rule 13 directs that … cross-claims may, be filed by any person entitled to file a pleading.  So once intervention has been granted the intervener becomes a 'party', within the meaning of the Rules, 'entitled to litigate fully on the merits.'"  *Hartley Pen Co. v. Lindy Pen Co.*, 16 F.R.D. 141, 153 (S.D. Cal. 1954) (citations omitted).  Thus, like an original party, an intervenor of right may bring any cross-claim that "arises out of the transaction or occurrence that is the subject matter of the original action."  *See* Fed. R. Civ. P. Rule 13(g).

Though such an inquiry is more properly considered on a motion to ***dismiss***, not a motion to intervene, it is clear even at this early stage that Dow Jones's proposed cross-claims arise out of the same transaction or occurrence as the 1979 Injunction.  Dow Jones's cross-claims – seeking a declaration that FOIA exemption six does not permit withholding of the LDS Files, the Privacy Act does not prohibit their disclosure, and the Agreement's restrictions are not required – arise from the same transaction or occurrence as the 1979 Injunction that ruled to the contrary and ordered the same records withheld.  Even a cursory review of the 1979 decision's substantial, extended analyses of FOIA and the Privacy Act shows that evaluation of the injunction is impossible without interpretation of the broader FOIA and Privacy Act issues.  *See FMA*, 479 F. Supp. at 1301-12; *see also Alley*, 590 F.3d at 1210 n.13; *Consumers' Checkbook v. HHS*, 554 F.3d 1046, 1050 n.3 (D.C. Cir. 2009).

The relief sought in Dow Jones's cross-claims – the ability to use the data in its possession, and to obtain the remainder of the LDS Files –flow naturally from the dissolution of the 1979 Injunction.  If the 1979 Injunction were vacated, HHS would have *no* basis to withhold the LDS Files or impose conditions on their dissemination.  HHS claims the "limits on Dow Jones's access to and use of the HHS data derive purely from the terms of Dow Jones's agreement with HHS, not from the October 1979 injunction," Part. Opp'n at 2.  But HHS nowhere claims that it is free, under the Privacy Act and the 1979 Injunction, to provide the LDS Files for unrestricted use.[2]  The Agreement itself requires that the parties comply with the Privacy Act – presumably as interpreted by controlling authority in this Court. *See* Tamman Decl. [dkt 1-3], Ex. A.  In addition, Dow Jones submitted evidence that, according to HHS personnel, the Agreement's limitations flowed directly from the 1979 Injunction. *Id.* ¶ 12.  HHS contests this only in the most summary fashion, without providing any evidence to back up its assertions.

A ruling by this Court would change the obligations of both Dow Jones and HHS under the express terms of the Agreement.  Contrary to HHS's assertions, the Agreement explicitly contemplates an order permitting Dow Jones to disclose information obtained via the Agreement, providing that "[u]sers will not disseminate information derived from the files specified in … the [Agreement] … in the absence of a judicial determination permitting or compelling such dissemination notwithstanding" the Agreement.  Tamman Decl. [dkt 1-3],

---

[2] HHS contends that the data provided to Dow Jones was expressly exempt from the 1979 Injunction, as modified in 1982.  But that modification simply clarified that the 1979 Injunction sweeps no more broadly than the Privacy Act.  It said nothing about the *content* of the Privacy Act's "routine use" exemption, and thus sheds no light on the extent to which the 1979 Injunction limits the release and dissemination of information in the LDS Files.

Ex. A. It also provides that Dow Jones may challenge "the legal basis for denying public access to, or prohibiting dissemination of, information derived from the files specified in section 5, or any other information." *Id.* Thus, Dow Jones's proposed cross-claims satisfy the requirements of Rule 13(g).

HHS also asks the Court to preemptively limit Dow Jones's intervention based on speculation that HHS *may* be able to prevail on a future motion to dismiss. But courts "should not resolve the motion for intervention by reference to the ultimate merits of the claim the intervenor seeks to assert unless the allegations are frivolous on their face." 6 *Moore's Federal Practice* (3d ed.) § 24.03[1][A] (citing *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999), in turn citing *Oneida Indian Nation v. New York*, 732 F.2d 261, 265 (2d Cir. 1984)). HHS cites *no* case in which a court limited intervention based on a prediction of whether a putative intervenor's claim might be successful, but asks the Court to prejudge Dow Jones's cross-claims based on its idea of how they might be pleaded or argued.[3] It does so without briefing the viability of the claims, saying it "will submit a full response" once "the pleading is served." Part. Opp'n at 16 n.4.[4]

The Court should not reach the host of justiciability issues HHS raises at the intervention stage, which are as meritless as they are premature. To HHS's contention that

---

[3] *Anderson v. City of Alpharetta*, 770 F.2d 1575, 1576, 1580 (11th Cir. 1985) (*per curiam*) (cited in Part. Opp'n at 16), is inapposite insofar as it denied intervention "for a multitude of reasons," including that putative intervenors' motions to intervene were not even before the court, and that they neglected to submit briefing as ordered. To be sure, the court also called their intervention "futile," but this reflected failure to even *allege* a legally-protectable interest in the action whatsoever, which no one has even argued is the case here.

[4] Of course, Dow Jones may choose to modify its proposed Answer with Cross-claims and Counterclaim before filing to clarify the scope and nature of relief sought – all the more reason to wait until the claims are actually filed before litigating their merits.

5

declaratory relief is not available in the absence of a FOIA request, Part Opp'n at 18, this very case shows the fallacy of that contention. Though the 1979 Injunction explicates at length its view of the exemptions under FOIA, there was no FOIA request at issue in this case and the court based jurisdiction on the Administrative Procedure Act, the Constitution, and other several statutes in addition to FOIA. *FMA*, 479 F. Supp. at 1298-99. Dow Jones is not, in any event, seeking an order that HHS must release records to Dow Jones, but rather a declaratory judgment that the way in which the agency carries out its duties under the Privacy Act and FOIA does not comport with law, and the Agreement's limitations are not required. *Cf.* Part. Opp'n at 14-15 (citing HHS systems of records determinations under Privacy Act).[5]

HHS cites the Tucker Act and "Little Tucker Act" in claiming "Dow Jones [ ] cannot seek specific or declaratory relief to enforce terms of its agreement with HHS." Part. Opp'n, at 18-19. However, "just because there [is] some reference to a contract [does] not mean [a] claim itself [i]s based on the contract" and limited by the Tucker Act. *Paradyne Corp. v. DOJ*, 647 F. Supp. 1228, 1233 (D.D.C. 1986) (citing *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967 (D.C. Cir. 1982)). Even where "a contract forms one jaw of the vice in which [a party] is caught," this "hardly suffices to transform an action alleging arbitrary government conduct

---

[5] In any case, a court need not insist on a "proper FOIA request" when such a request would be futile because an agency clearly would deny it. *See Lehrfeld v. Richardson*, 132 F.3d 1463, 1467 (D.C. Cir. 1998) (holding that "it would be futile to require" a "proper FOIA request" where the agency "has adopted a legal position under which it can only deny such a reformulated request"). Here HHS's position in *Consumers Checkbook*, *Alley*, and its Opposition make clear that it would deny such a request.

into a contract dispute." *Id.* Where a party's basic complaint is about government ***conduct***, declaratory judgment can issue without regard to the Tucker Act. *Id.* at 1238.

The specific venue requirements of FOIA and the Privacy Act would not require dismissal, as suggested by HHS (Part. Opp'n, at 19), since Dow Jones is not advancing a FOIA/Privacy Act claim. But even if such claims ***were*** asserted and could not otherwise be brought in this district, venue would still be proper under the pendant venue doctrine. *See*, *e.g.*, *Beattie v. U.S.*, 756 F.2d 91, 101-02 (D.C. Cir. 1984) (courts may cure defects where venue is proper for one of several claims arising out of the same core of operative facts). This is particularly apt here, as *Alley* dictates that Dow Jones must seek dissolution of the 1979 Injunction in this Court and its rights as intervenor permit it to bring cross-claims related to that dissolution. Litigation in several fora over the same issues is exactly what HHS is advocating, and exactly what pendent venue is designed to avoid.

But the Court need not wade into these brambles, which are far too complex to take up on (or serve as grounds to limit) Dow Jones's intervention. *See Federal Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993) ("Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action."). HHS's Opposition does make one thing clear – once the proponent of public release of Medicare reimbursement data, HHS now seeks to erect procedural barriers that will impede this effort by the press. The Court need not, and should not, accept HHS's invitation to preemptively decide the merits of this case.

Dated: March 4, 2011

Respectfully submitted,

TANNER BISHOP

By:   /s/ Michael G. Tanner
     Michael G. Tanner

Florida Bar Number 0261300
Helen A. Peacock
Florida Bar Number 0016196
One Independent Drive, Suite 1700
Jacksonville, Florida 32202
904-598-0034/904-598-0395 (Fax)
mtanner@tannerbishoplaw.com
hpeacock@tannerbishoplaw.com

DAVIS WRIGHT TREMAINE LLP

Laura R. Handman (*pro hac vice*)
Ronald G. London (*pro hac vice*)
John R. Eastburg (*pro hac vice*)
1919 Pennsylvania Avenue, NW, Suite 800
Washington, D.C. 20006-3401
202-973-4200
202-973-4499 (Fax)

*Attorneys for Dow Jones & Company, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 4, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following:

James Luh
U.S. Department of Justice
Federal Programs Branch, Civil Division
20 Massachusetts Avenue, NW, Room 7152
Washington, D.C. 20530

*Department of Health and Human Services f/k/a Department of Health, Education and Welfare*

Jack R. Bierig
Newton N. Minow
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603

*American Medical Association and Florida Medical Association*

Roberto Rodriguez
Assistant United States Attorney
300 North Hogan Street, Suite 700
Jacksonville, FL  32202

*Department of Health and Human Services f/k/a Department of Health, Education and Welfare*

                              *s/ Michael G. Tanner*
                                 Attorney